DEVLIN LAW FIRM LLC
Alex Chan (SBN 278805)
achan@devlinlawfirm.com
16219 Flamstead Drive
Hacienda Heights, CA 91745
Telephone: (302) 449-9010

*Attorney for Plaintiff*
*Dr. Chien-Min Sung*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Chien-Min Sung Subpoena Upon EHWA USA, Inc.* | Case No. |
| | **CHIEN-MIN SUNG'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE AGAINST NON-PARTY EHWA USA, INC.** |

## NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE AGAINST RESPONDENT EHWA USA, INC.

PLEASE TAKE NOTICE that on March 21, 2024, or at a date and time determined by the Court, of the above-titled court, located in Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Room 1053 Santa Ana, CA 92701-4516, Movant Chien-Min Sung will move this Court for an order to show cause why a contempt citation should not issue against non-party EHWA USA, Inc., as detailed below.

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................1

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND..............1

    A.      Service was Proper and Deadlines to Respond Have Passed ..............1

    B.      The Subpoena is Narrowly Tailored to Avoid Undue Burden
        and Expense on Respondent EHWA.......................................................3

III.    LEGAL STANDARD .................................................................................5

IV.     ARGUMENT...............................................................................................7

    A.      EHWA is in Contempt as It Repeatedly Failed to Comply with
        the Subpoena .........................................................................................7

        1.      Dr. Sung Exhausted All Possible Avenues in Trying to
               Enforce Compliance of the Subpoena by EHWA ......................8

        2.      EHWA has Not Responded to this Subpoena or Provided
               an Excuse for its Lack of Response ...........................................9

V.      COMPLIANCE WITH CIVIL L.R. 7(h) ......................................................10

VI.     CONCLUSION............................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*,
  580 F. Supp. 2d 969 (C.D. Cal. 2008) ...................................................6

*Aviva Sports, Inc. v. Manley Toys, Ltd.,*
  No. MC 17-0099-PA (AGRx),
  2018 U.S. Dist. LEXIS 222623 (C.D. Cal. Jul. 19, 2018)....................3

*Cellspin Soft, Inc. v. FitBit, Inc.*,
  Case No. 17-cv-05928-YGR (KAW) (N.D. Cal. Sep. 13, 2021) .......7

*Delorme v. Big Think Capital, Inc.*,
  No. 2:23-mc-00037-FLA-MAR,
  2023 U.S. Dist. LEXIS 210489 (C.D. Cal. Oct. 18, 2023) .............5, 6

*EchoStar Satellite L.L.C. v. Viewtech, Inc.*,
  No. 1:09-mc-00052-SMS,
  2010 U.S. Dist. LEXIS 22142 (E.D. Cal. Feb. 18, 2010) ...................6

*Elliot v. Mission Tr. Servs., LLC*,
  No. 14 C 9625-JNC,
  2015 U.S. Dist. LEXIS 45412 (N.D. Ill. Apr. 7, 2015)......................7

*Kandypens, Inc. v. Puff Corp.*,
  No. CV 20-358-GW (KSx),
  2021 U.S. Dist. LEXIS 84392 (C.D. Cal. May 3, 2021) .................5, 6

*United States v. Flores*,
  628 F.2d 521 (9th Cir. 1980) ...............................................................7

*Young v. United States ex rel. Vuitton Et Fils S. A.*,
  481 U.S. 787 (1987)...............................................................................7

**RULES**

Fed. R. Civ. P. 45 .......................................................... 1, 5, 6, 8

MOTION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD
NOT ISSUE AGAINST RESPONDENT EHWA USA INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 45(g), Movant Dr. Chien-Min Sung ("Movant or "Dr. Sung") hereby moves the Court for an order to show cause why a contempt citation should not issue against Respondent EHWA USA, Inc. ("EHWA") for failing to comply with the subpoena served on EHWA ("Motion") in *Chien-Min Sung v. Texas Instruments Incorporated* (4:23-cv-00753-SDJ) ("Subpoena") that is currently pending in the Eastern District of Texas ("Underlying Litigation"). (Ex. 1.) Dr. Sung, a 76-year-old individual inventor with limited financial resources, also moves the Court to award him reasonable expenses, including attorney's fees and costs, incurred by Dr. Sung in connection with bringing this Motion.

The deadline to respond to the Subpoena has passed for producing responsive documents and testimony. Despite Dr. Sung's repeated requests to meet and confer, EHWA refused, and continues to refuse, to respond to or comply with the Subpoena. (Clayton Decl. at ¶¶ 14, 17, 18, 19.) Because EHWA has done so without ***any*** (let alone adequate) excuse to obey the Subpoena, Dr. Sung requests that the Court find EHWA in contempt, issue a contempt citation against EHWA, and grant Dr. Sung's request to recover reasonable fees and costs incurred in connection with bringing this Motion.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.   Service was Proper and Deadlines to Respond Have Passed

EHWA is a company formed in California. (Ex. 2.)[1] According to

---

[1] Citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Mariam Clayton in Support of Plaintiff's Motion for an Order to Show Cause why a Contempt Citation Should Not Issue Against Respondent EHWA USA, Inc.

MOTION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE AGAINST RESPONDENT EHWA USA INC.

California's Secretary of State, EHWA's principal address is 10229 Prairie Springs, Road, San Diego, CA 92127.  (*Id.*)  EHWA has listed Mr. Simon Yoo of Kim, Yoo & Jang, LLP, located at 2020 Camino Del Rio N., Suite 310, San Diego, CA 92108, as its registered agent for service of process.  (*Id.*)

On December 15, 2023, Dr. Sung issued the Subpoena to EHWA in the Underlying Litigation.  (Ex. 3.)  On December 19, 2023, at 1:30 pm, the Subpoena was successfully served on EHWA's registered agent along with the witness fee of $40.  (Ex. 4.)  The Subpoena afforded EHWA with more than fourteen (14) days for compliance.  (Ex. 3.)  Specifically, the Subpoena requires EHWA to produce responsive documents by January 5, 2024, and avail a witness to testify on the noticed deposition topics by January 10, 2024 "or such other date as mutually agreed upon."  (Ex. 3.)  EHWA, however, did not comply with the Subpoena by producing responsive documents or any witness to testify on the noticed deposition topics.

On January 17, 2024, Dr. Sung's counsel contacted Mr. Yoo and requested a meet and confer to discuss EHWA's non-compliance with the Subpoena.  (Ex. 5.)  There was no response.  (Clayton Decl. a ¶ 14.)  Dr. Sung's counsel then followed up with two separate calls to Mr. Yoo, on January 22 and January 24, 2024.  (*Id.* at ¶¶ 15, 16.)  During the January 22, 2024 call, Dr. Sung's counsel left a message with Mr. Yoo's colleague, who stated Mr. Yoo would call back.  (*Id.* at ¶ 15.)  Dr. Sung's counsel called again on January 24, 2024 and spoke with Mr. Yoo.  (*Id.* at ¶ 16.)  Dr. Sung's counsel explained to Mr. Yoo that EHWA had not complied with the Subpoena and requested that the parties meet and confer on EHWA's non-compliance.  (*Id.* at ¶ 16.)  Mr. Yoo responded that EHWA is aware of the Subpoena because he sent the Subpoena to EHWA but he could not otherwise respond to Dr. Sung's request to meet and confer on the Subpoena.  (*Id.* at ¶ 16.)

As of today, despite its awareness of, and multiple attempts by Dr. Sung to meet and confer with EHWA on, the Subpoena, EHWA remains defiant and has not shown any intent to respond to or comply with the Subpoena.

### B. The Subpoena is Narrowly Tailored to Avoid Undue Burden and Expense on Respondent EHWA

"The party or attorney responsible for issuing a third party subpoena 'must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.'" *Aviva Sports, Inc. v. Manley Toys, Ltd.,* No. MC 17-0099-PA (AGRx), 2018 U.S. Dist. LEXIS 222623, at *11-12 (C.D. Cal. Jul. 19, 2018). The documents and testimony sought by Dr. Sung are necessary, relevant, narrowly tailored, and do not impose an undue burden on Respondent EHWA.

Specifically, the documentary and testimonial evidence being sought from Respondent EHWA via the Subpoena pertains to chemical mechanical planarization ("CMP") pad conditioners that are manufactured by EHWA[2]—pad conditioners that the defendant (Texas Instruments Incorporation or "TI") in the Underlying Litigation is alleged to use in manufacturing certain products in TI's semiconductor manufacturing facilities. The production of documents as requested by the Subpoena narrowly focuses on the structural profiles and characteristics of these conditioners that are used by TI— profiles and characteristics by the patents

---

[2] CMP pad conditioners are generally used by semiconductor manufacturers to condition or dress CMP polishing pads during a CMP process. For example, in the CMP process, a semiconductor wafer is rotated and polished against a CMP polishing pad using a chemical slurry to aid in removing excessive materials and corrosion defects on the surface of the wafer. Polishing the wafer, however, causes the gradual accumulation of reaction products within the pores and asperities of the polishing pad, which adversely impacts, *inter alia*, the polishing rate of the wafer and the longevity of the polishing pad. To avoid these pitfalls, a pad conditioner must be used to condition or dress the deteriorating polishing pad during the CMP process in order to regenerate the surface texture and asperity structure of the polishing pad.

MOTION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE AGAINST RESPONDENT EHWA USA INC.

asserted against TI in the Underlying Litigation.  As the designer, developer, and manufacturer of these pad conditioners, this evidence is within EHWA's possession, custody, or control (and which TI has claimed not to have).

For example, Requests for Production Nos. 1 and 2 focus on those pad conditioners "designed, developed, manufactured and/or sold" by EHWA to TI since 2017 (which is the relevant damages period being asserted in the Underlying Litigation).  Also, Request for Production No. 3 focuses on "the use, utilization, installation, implementation, and/or deployment of" such conditioners.  Similarly, Requests for Production Nos. 5-17 focus on the structural profiles and characteristics of these conditioners.  For example, they focus on the "height," "total number," "spacing," "radius," and "tip variation" of or between certain "Conditioning Elements" (defined as "crystalline and/or polycrystalline materials" such as "diamonds"; *Id.* at ¶ 11 (A-2)) of EHWA's pad conditioners.  (*See, e.g.*, Ex. 2 at RFP Nos. 5-8, 10-15 and 17).  These are specific requests for technical information to which EHWA, not TI, would have access because they go to the heart of the structural profiles and characteristics of EHWA's pad conditioners. Nor are these discovery requests unduly burdensome because EHWA knows how its pad conditioners are designed and developed, and as such, it readily has access to the requested information.

Likewise, Request for Production No. 22 seeks information on intellectual property licenses related to EHWA's pad conditioners that could shed light on any known royalty rates that are specific to these pad conditioners—information to which TI has no access.  (*Id.* at A-14.)

Similar to the requests for production, the noticed deposition topics are narrowly tailored to furnish information from the deponent(s) without imposing undue burden.  For example, Topic Nos. 4-6 focus on the "design, development,

4

structure, function, operation, and/or maintenance of" those pad conditioners sold by EHWA to TI as well as the manufacturing facilities where such conditioners are used.  Topic Nos. 7-17, 21 and 24-25 focus on "sale," "warranty," "contract," "importation," "commercial success," "value and benefits," "importance," "pricing," "technical support," "licensing," "geographic location" and "extent of use" in connection with EHWA's pad conditioners.  The remaining deposition topics focus on willful infringement, damages, document retention and authenticity.  (*See, e.g.*, Topic Nos. 2 and 26 (retention and authenticity), 3 and 18-20 (willfulness) and 22-23 (damages).)

## III.  LEGAL STANDARD

Subpoenas on nonparties are governed by Fed. R. Civ. P. 45.  *Kandypens, Inc. v. Puff Corp.*, No. CV 20-358-GW (KSx), 2021 U.S. Dist. LEXIS 84392, at *4-5 (C.D. Cal. May 3, 2021) ("Federal Rule of Civil Procedure 45 governs subpoenas issued to a non-party.")

The recipient of a Rule 45 subpoena may elect to comply with the subpoena, move to quash the subpoena based on undue cost or burden, object to the subpoena's form, or challenge the subpoena pursuant to the procedures in Rule 45. *Delorme v. Big Think Capital, Inc.*, No. 2:23-mc-00037-FLA-MAR, 2023 U.S. Dist. LEXIS 210489, at *4 (C.D. Cal. Oct. 18, 2023) ("The recipient of a Rule 45 subpoena has several options . . . if the recipient does not respond to the subpoena, the only relief available to the serving party is to seek a contempt sanction under Rule 45(g) via an application for an order to show cause.")

If the recipient elects to not comply with the subpoena without an adequate excuse to obey a subpoena, Rule 45(g) gives the district court power to hold a person in contempt.

"CONTEMPT. The court for the district where compliance is required

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

> — and also, after a motion is transferred, the issuing court — may
> hold in contempt a person who, having been served, fails without
> adequate excuse to obey the subpoena or an order related to it."

Fed. R. Civ. P 45(g).  *See also Delorme v. Big Think Cap., Inc.*, No. 2:23-mc-00037-FLA-MAR, 2023 U.S. Dist. LEXIS 210489, at *5 (C.D. Cal. Oct. 18, 2023) *citing EchoStar Satellite L.L.C. v. Viewtech, Inc.*, No. 1:09-mc-00052-SMS, 2010 U.S. Dist. LEXIS 22142, at *3 (E.D. Cal. Feb. 18, 2010) ("If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance by offering to meet and confer, but ultimately, if the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue"); *see also Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) (same).

When a non-party fails to obey a subpoena without adequate excuse, the only sanction available is a contempt citation.  *Kandypens, Inc. v. Puff Corp.,* No. CV 20-358-GW (KSx), 2021 U.S. Dist. LEXIS 84392, at *4-5 (C.D. Cal. May 3, 2021) ("The only sanction available where a non-party witness fails without adequate excuse to obey a subpoena is a contempt citation."); *see also Delorme v. Big Think Capital, Inc.,* No. 2:23-mc-00037-FLA-MAR, 2023 U.S. Dist. LEXIS 210489, at *4 (C.D. Cal. Oct. 18, 2023) ("However, if the recipient does not respond to the subpoena, the only relief available to the serving party is to seek a contempt sanction under Rule 45(g) via an application for an order to show cause").

"The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches."  *Young v. United States ex rel. Vuitton*

6

*Et Fils S. A.,* 481 U.S. 787, 796 (1987). "We acknowledge that the district court 'should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).

## IV.   ARGUMENT

### A.   EHWA is in Contempt as It Repeatedly Failed to Comply with the Subpoena

Respondent EHWA has failed to comply, without adequate excuse, with the Subpoena, which was validly issued and served on EHWA. Specifically, the Subpoena required EHWA to produce responsive documents by January 5, 2024, and avail a witness to provide relevant testimony on the noticed deposition topics by January 10, 2024. (Ex. 3.) Dr. Sung had thus provided EHWA with more than fourteen (14) days (and counting) to respond to and comply with the Subpoena—a timeline that falls well within what many courts have considered presumptively reasonable for compliance by third parties. *See Cellspin Soft, Inc. v. FitBit, Inc.*, Case No. 17-cv-05928-YGR (KAW), slip op. at 5 (N.D. Cal. Sep. 13, 2021) ("Courts, however, have regularly held that at least ten days is a reasonable time to comply for a Rule 45 subpoena."); *see also Elliot v. Mission Tr. Servs., LLC*, No. 14 C 9625-JNC, 2015 U.S. Dist. LEXIS 45412, at *14 (N.D. Ill. Apr. 7, 2015) (citing a string of supporting cases in various courts and districts) ("Fed. R. Civ. P. 45(d)(2)(B) suggests that 14 days is the benchmark for time for compliance; and courts have found that fourteen days from the date of service is presumptively reasonable"). This 14-day timeline continues to accrue while this Motion remains pending, which affords EHWA even more time to prepare and respond to the Subpoena.

To date, EHWA has not responded to the Subpoena, nor has it produced any

7

responsive documents or availed any corporate witness(es) for deposition. (Clayton Decl. at ¶ 17.)  At a minimum, EHWA should have served its objections to the Subpoena within fourteen (14) days after the Subpoena was served (*i.e.*, by January 2, 2024) but it did not.  (*Id.* at ¶18; *see also* Fed. R. Civ. P. 45(d)(2)(B).)  In fact, EHWA has ***never made any attempt*** to contact Dr. Sung or his counsel at all since the Subpoena was served on EHWA on December 19, 2023, much less provided Dr. Sung with any "excuse" as to why EHWA has not complied with the Subpoena.  (*Id.* at ¶ 19.)

### 1.    Dr. Sung Exhausted All Possible Avenues in Trying to Enforce Compliance of the Subpoena by EHWA

Dr. Sung had made numerous attempts to meet and confer with EHWA.  For example, on January 17, 2024, counsel for Dr. Sung contacted Mr. Yoo by email and requested to meet and confer on EHWA's noncompliance with the Subpoena.  (Ex. 5.)  To date, EHWA has provided no response to that communication.  (Clayton Decl. at ¶ 14.)

On January 22, 2024, counsel for Dr. Sung contacted Mr. Yoo again.  (*Id.* at ¶ 15.)  Mr. Yoo was out of the office but Dr. Sung's counsel was told by Mr. Yoo's colleague, that Mr. Yoo should be back within the hour and would call back.  (*Id.*)  Mr. Yoo did not call back on January 22 or 23, 2024.  (*Id.*)

Receiving no response to the call on January 22, 2024, counsel for Dr. Sung called Mr. Yoo yet again on January 24, 2024, at which time Mr. Yoo picked up the call.  During the call, Dr. Sung inquired about EHWA's noncompliance with the Subpoena and informed Mr. Yoo that EHWA must reach out to Dr. Sung or his counsel regarding the Subpoena.  (*Id.* at ¶ 16.)  Mr. Yoo again only confirmed that he received the Subpoena but did not provide any response as to whether, and if so, when EHWA would comply with the Subpoena.  (*Id.*)  To date, Dr. Sung still has

not received any response from EHWA.

To ensure all attempts to enforce the Subpoena were made, counsel for Dr. Sung also reached out to an attorney formerly associated with EWHA's parent company, EHWA Diamond Industrial Co. Ltd. ("EHWA Diamond"). Counsel for Dr. Sung contacted Mr. Tyler Jones at Erise IP ("Erise"), the firm which represented EWHA Diamond.  (Ex. 6.)  Mr. Jones replied that "Jason Mudd was handling these cases and is no longer a part of our firm."  (*Id.*)  Counsel for Dr. Sung then contacted Mr. Mudd, who is now employed at Shook Hardy & Bacon.  Mr. Mudd responded that he represented only EHWA Diamond and "did not have contact with anyone" at EHWA and did "not have any information that would allow me to offer you any assistance to your subpoena."  (Ex. 7.)

In sum, the attorney that represented EHWA Diamond responded that he could not provide any aid to Dr. Sung in enforcing the Subpoena.  Thus, Dr. Sung has no other alternatives to enforce the Subpoena other than seeking judicial remedies from this Court.

## 2. EHWA has Not Responded to this Subpoena or Provided an Excuse for its Lack of Response

Despite the Subpoena being validly served, EHWA has not exercised any of the options available to it; it has not complied with the Subpoena, moved to quash the Subpoena based on undue cost or burden, objected to the Subpoena, or challenged the Subpoena pursuant to those procedural mechanisms set forth in Rule 45.

Additionally, EHWA has not provided any excuse, much less an adequate excuse, to explain why it had failed to obey this Subpoena.  (Clayton Decl. at ¶ 19.)  Counsel for Dr. Sung had given EHWA several opportunities to comply with the Subpoena but EHWA still chose to ignore each opportunity.  This Court,

9

MOTION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE AGAINST RESPONDENT EHWA USA INC.

therefore, should issue a contempt citation against EHWA for failing to obey the Subpoena without adequate excuse.

## V.     COMPLIANCE WITH CIVIL L.R. 7(H)

As noted above, counsel for Dr. Sung spoke with Mr. Yoo regarding compliance of the Subpoena.  (*Id*. at ¶ 16.)  Despite this awareness and Dr. Sung's repeated requests to meet and confer, EHWA continued to ignore its discovery obligation to respond to the Subpoena.  (*Id*. at ¶ 14.)

Having received no response to his repeated requests to meet and confer, Dr. Sung is unable to state whether EHWA will oppose this Motion.  To err on the side of caution, Dr. Sung assumes that this Motion is opposed.

## VI.    CONCLUSION

For these reasons, Dr. Sung respectfully requests that his Motion be granted, including his request for fees and costs in connection with bringing this Motion.

Dated: February 12, 2024

By: */s/ Alex Chan*

Alex Chan (SBN 278805)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
16219 Flamstead Drive
Hacienda Heights, CA 91745
Telephone: (302) 449-9010

*Attorney for Plaintiff*
*Dr. Chien-Min Sung*

---

11

## CERTIFICATE OF CONFERENCE

I certify that counsel for Dr. Sung conferred with Mr. Simon Yoo, the registered agent for EHWA, USA, Inc., regarding the subject matter of this Motion on January 17 and 24, 2024.  Mr. Yoo informed Dr. Sung that the Subpoena was successfully served but otherwise refused to discuss or meet and confer on the scope of the Subpoena.  Counsel for Dr. Sung also reached out to an attorney formerly associated with EHWA Diamond but was unable to obtain any information regarding EHWA's representation.  Thus, Dr. Sung is unable to state whether EHWA will oppose this Motion.

*/s/ Alex Chan*
Alex Chan

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, EHWA USA, Inc. was served with a copy of this motion by service upon its registered agent via process server.

*/s/ Alex Chan*
Alex Chan

MOTION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE AGAINST RESPONDENT EHWA USA INC.